UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA ANNE PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 1:17-cv-05113 <br><br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

NOW comes PATRICIA ANNE PHILLIPS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NAVIENT SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant contacts in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 67 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is the largest servicer of student loans in the United States with its principal place of business located at 123 Justison Street, Wilmington, Delaware. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, student loans owed or due or asserted to be owed or due to others using the mail and telephone across the country, including in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In the latter part of 2016, Plaintiff began receiving calls to her cellular phone, (517) XXX-5764 from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5764. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding educational loan owed by an individual named "Kirsten."

11. Plaintiff is unfamiliar with any individual by that name, so she notified Defendant as such and demanded that it stop calling her.

12. Despite informing Defendant that it was calling the wrong person, as well as her demands that it cease contacting her, it continued to regularly call Plaintiff's cellular phone well into 2017.

13. Defendant mainly calls Plaintiff's cellular phone using the phone number (317) 849-6510, but upon belief, it has used other phone numbers as well.

14. Upon information and belief, the above phone number ending in 6510 is regularly utilized by Defendant during its debt collection activity.

15. When Plaintiff answers calls from Defendant, she experiences a recorded message and brief pause before she is connected with a live representative.

16. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being notified that it was calling the wrong person and to stop calling.

17. Plaintiff has received not less than 11 phone calls from Defendant, seeking to collect upon an unknown individual.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $77.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊␊

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message and brief pause which Plaintiff experienced prior to being connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

25. Plaintiff has never had any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, she could not have given Defendant consent to contact her. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, she explicitly revoked any consent by her demands to cease contact.

26. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise

entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, PATRICIA ANNE PHILLIPS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

30. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

31. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

32. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person that Plaintiff had no relationship with. The fact that Defendant continued its onslaught of phone calls, even after being informed by Plaintiff that it was calling the wrong person and that she did not wish to be contacted, is illustrative of Defendant's unfair practice.

33. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Defendant is relentlessly calling for the wrong individual.

34. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

35. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

36. As pled in paragraphs 17 through 21, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on her cellular phone in an attempt to quell its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to speak with an unknown individual, as Plaintiff had no business relationship with Defendant. Defendant had ample reasons to be aware

of the fact that it was calling the wrong person, but it still continued its campaign of phone calls with the intent to secure payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer like Plaintiff. Defendant contacted Plaintiff at least 11 times seeking to collect upon an unknown third party. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, PATRICIA ANNE PHILLIPS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 11, 2017                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois           Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                          900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                               Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                             (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com